UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NEW YORK STATE TEAMSTERS CONFERENCE
PENSION & RETIREMENT FUND, BY ITS
TRUSTEES, John A. Bulgaro, Michael S. Scalzo, Sr.,
Daniel W. Schmidt, Brian K. Hammond, Mark May,
Samuel D. Pilger, and George F. Harrigan

     and

NEW YORK STATE TEAMSTERS COUNCIL
HEALTH AND HOSPITAL FUND, by it's Trustees,
Daniel W. Schmidt, Brian K. Hammond, Mark May,
Samuel D. Pilger, and George F. Harrigan

                                 **Plaintiffs,**

  vs.                                             5:24-CV-84
                                                     (MAD/TWD)
YANK WASTE COMPANY, INC.

                                 **Defendant.**
_____

**APPEARANCES:**                                 **OF COUNSEL:**

**PARAVATI, KARL LAW FIRM**          **BENJAMIN SWEET, ESQ.**
520 Seneca Street, Suite 105
Utica, New York 13502
Attorneys for Plaintiffs

**Mae A. D'Agostino, U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.  INTRODUCTION**

     On January 18, 2024, New York State Teamsters Conference Pension & Retirement Fund

("Pension Fund") and New York State Teamsters Council Health and Hospital Fund ("Health

1

Fund") (collectively "Plaintiffs" and the "Funds"), commenced this action against Yank Waste Company, Inc. ("Defendant") alleging violations of Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 141 *et seq.* *See* Dkt. No. 1 at ¶ 1. According to the complaint,

> [T]he Pension Fund and Health Fund are separate and distinct employee benefit funds which were created and exist pursuant to Agreements and Declarations of Trust entered into between participating employers and union locals affiliated with the International Brotherhood of Teamsters (hereinafter referred to as the "Teamsters") and are multi-employer plans (hereinafter referred to as the "Plan" or "Plans") as defined in 29 U.S.C. § 1002(37)(A).

*Id.* at ¶ 5. Plaintiffs allege that Defendant agreed to make certain benefit contributions to the Funds on behalf of all its covered employees, and now is liable to the Funds for delinquent employee benefit contributions, liquidated damages and audit fees together with interest, costs and attorneys' fees under ERISA, 29 U.S.C. § 1132(g)(2), Plan documents and/or participation agreements. *See id.* at ¶ 19. Plaintiffs also argue that the Funds are owed additional compensatory relief in the form of interest on the unpaid contributions, the greater of liquidated damages or an additional interest award, and reasonable attorneys' fees and costs. *See id.* at ¶¶ 21-22, 31-32, 42-43, 52-53. Presently before the Court is Plaintiffs' unopposed motion for default judgment. *See* Dkt. No. 13. For the following reasons, the motion is granted.

## II. BACKGROUND

Defendant is a domestic corporation with offices in Albany, New York, and is an employer as defined in 29 U.S.C. § 1002(5). *See id.* at ¶ 9. The Pension Fund and Health Fund have offices located in Syracuse, New York. *See id.* at ¶ 6. This suit is brought by John A. Bulgaro, Daniel W. Schmidt, Michael S. Scalzo, Sr., Samuel D. Pilger, Brian K. Hammond, Mark

May and George F. Harrigan, who are trustees of the Funds and "fiduciaries" as defined in 29 U.S.C. § 1002(21). *See id.* at ¶ 7.

Plaintiffs invoke 29 U.S.C. § 1132(g)(2) and seek the payment to the Pension Fund of unpaid delinquent contributions, liquidated damages, audit fees, and interest in the amount of $19,075.32 together with an additional award of interest in the amount of $2.87 per diem from May 28, 2024, to the date of judgment. *See* Dkt. No. 12-6. Plaintiffs also seek a judgment against Defendant for post-judgment interest at the rate of 11% per annum pursuant to 29 U.S.C. § 1961(a). *See id.* Additionally, Plaintiffs seek the payment to the Health Fund of unpaid delinquent contributions, liquidated damages, audit fees, and interest to May 28, 2024, in the amount of $11,834.65 together with an additional award of interest in the amount of $1.29 per diem from May 28, 2024, to the date of judgment, and post-judgment interest at the rate of 11% per annum pursuant to 29 U.S.C. § 1961(a). *See id.*

Accordingly, Plaintiffs contend that Defendant owes the Pension Fund $7,881.68 in delinquent employee benefit contributions, $788.17 in liquidated damages, $844.83 in audit fees, $5,687.50 in legal fees, $222.50 in costs, $1,825.32 in interest, and $1,825.32 in an additional award for violations of the LMRA, the participation agreements, Plan documents, and ERISA. *See* Dkt. No. 12-1 at ¶¶ 15-19. Plaintiffs also contend that Defendant owes the Health Fund $3,173.32 in delinquent employee benefit contributions, $317.16 in liquidated damages, $793.29 in audit fees, $5,687.5 in legal fees, $222.50 in costs, $820.44 in interest, and $820.44 in an additional award for violations of the LMRA, the participation agreements, Plan documents, and ERISA. *See id.*

### III. Discussion

**A.     Standard of Review**

"Generally, 'Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant.'" *United States v. Simmons*, No. 10-CV-1272, 2012 WL 685498, *2 (N.D.N.Y. Mar. 2, 2012) (quoting *Robertson v. Doe*, No. 5-CV-7046, 2008 WL 2519894, *3 (S.D.N.Y. June 19, 2008)). "First, under Rule 55(a), when a party fails to plead or otherwise defend . . . the clerk must enter the party's default." *Id.* (quotation marks and citation omitted); *see also* FED. R. CIV. P. 55(a). Local Rule 55.1 requires the party requesting an entry of default to submit an affidavit showing that the party against whom judgment is sought is "not an infant, in the military, or an incompetent person," that the party has "failed to plead or otherwise defend the action," and that the party has been "properly served the pleading" without responding. N.D.N.Y. L.R. 55.1.

"Second, pursuant to Rule 55(b)(2), the party seeking default is required to present its application for entry of judgment to the court." *Simmons*, 2008 WL 685498, at *2 (citation omitted). "Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment." *Id.* (citation omitted); *see also* FED. R. CIV. P. 55(b)(2). Local Rule 55.2(b) requires the moving party to (1) accompany a default judgment motion with the clerk's certificate of default, the complaint, and a proposed form of default judgment; and (2) submit an affidavit attesting that the defendant is neither an infant nor incompetent, is not serving with the armed forces of the United States, and has defaulted in appearance in this action, that service was properly effected under Rule 4 of the Federal Rules of Civil Procedure, and the amount shown is justly due and owing. *See* N.D.N.Y. L.R. 55.2(b).

"When a default is entered, the defendant is deemed to have admitted all of the well-pleaded factual allegations in the complaint pertaining to liability." *Bravado Int'l Group Merch.*

4

*Servs., Inc. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)).

"A district court is empowered under Rule 55(b)(2), in the exercise of its discretion, to 'conduct hearings or make referrals' as may be necessary, *inter alia*, to determine the amount of damages or establish the truth of the plaintiff's allegations." *Pac. M. Int'l Corp. v. Raman Int'l Gems, Ltd.*, 888 F. Supp. 2d 385, 392 (S.D.N.Y. 2012) (quoting FED. R. CIV. P. 55(b)(2)(B)-(C)). "[A] court may rely upon affidavits and documentary evidence" to evaluate the sum of damages in a default judgment, as it does in this case. *Overcash v. United Abstract Group, Inc.*, 549 F. Supp. 2d 193, 196 (N.D.N.Y. 2008); *see also Action S.A. v. Marc Rich & Co.*, 951 F. 2d 504, 508 (2d Cir. 1991) (upholding an award of damages in a default judgment without a hearing as the district judge was "inundated with affidavits, evidence, and oral presentations by opposing counsel").

Although the Court accepts factual allegations in the complaint for purposes of determining liability, the Court must be sure there is proof in the record to support a damages award. *See Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974) ("While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation") (citations omitted); *Overcash*, 549 F. Supp. 2d. at 196 ("[E]ven upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought") (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). "The burden is on the plaintiff to establish [] entitlement to recovery." *Bravado Int'l*, 655 F. Supp. 2d at 189 (citing *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158).

**B.     Default Judgment and Liability**

Plaintiffs have satisfied the procedural prerequisites for obtaining a default judgment. Plaintiffs have properly served Defendant with the summons and complaint, *see* Dkt. No. 5; obtained an entry of default, *see* Dkt. Nos. 9, 10, 11; served this motion on Defendant, *see* Dkt. No. 13; and provided an affidavit showing that Defendant is not an infant, incompetent, or a member of the United States Military. *See* Dkt. No. 12-1 at ¶ 7.  Accordingly, the Court turns to whether Plaintiffs have met their burden of demonstrating that they are entitled to the relief requested.

As Defendant has failed to appear in this action, it is deemed to have admitted all well pled, relevant factual allegations for purposes of establishing liability.  *See Bravado Int'l*, 655 F. Supp. 2d at 188; *see also United States v. Beam*, No. 12-CV-0087, 2012 WL 1802316, *2 (N.D.N.Y. May 17, 2012) ("By failing to answer [the] plaintiff's complaint or oppose this motion, [the] defendant has effectively conceded that [it] is bound by the terms of the [agreement it] entered into with [the] plaintiff").

Because Plaintiffs brings this action under ERISA and LMRA, federal statutes, subject-matter jurisdiction is proper pursuant to 28 U.S.C. § 1331.  *See* Dkt. No. 1 at ¶ 1.

### 1. Standing

Standing is an "irreducible constitutional minimum." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  Therefore, the Court still must evaluate whether Plaintiffs have standing even where Defendant has not challenged Plaintiffs' standing.  *See Garnet v. Ramos Bros. Inc.*, No. 16-CV-2792, 2017 WL 590323, *1 (E.D.N.Y. Feb. 13, 2017) (other citation omitted).  "To establish standing, a plaintiff must prove: '(1) injury in fact, which must be (a) concrete and particularized, and (b) actual or imminent; (2) a causal connection between the injury and the defendant's conduct; and (3) that the injury is likely to be redressed by a favorable decision.'"

*Hennessy by & through Hennessy v. 194 Bedford Ave Rest Corp.*, No. 21-CV-5434, 2022 WL 4134502, *2 (E.D.N.Y. Aug. 8, 2022) (quoting *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187 (2d Cir. 2013)).

"ERISA is a comprehensive federal law that sets standards for private retirement and health plans, governs their administration, and generally preempts state regulation of benefits plans." *Annuity, Pension, Welfare, Training & Lab. Mgmt. Cooperation Tr. Funds of Int'l Union of Operating Engineers Loc. 14-14B, AFL-CIO v. C.M. Ashland Constr.*, No. 23-CV-5434, 2024 WL 360665, *5 (E.D.N.Y. Jan. 31, 2024) (quoting ERISA § 514(a) (29 U.S.C. § 1144(a))). "'ERISA vests the Court with jurisdiction over civil actions brought by fiduciaries of employee benefit plans to enforce provisions of such plans.'" *Id.* (quoting *Trustees of Loc. 7 Tile Indus. Welfare Fund v. City Tile, Inc.*, No. 10-CV-322, 2011 WL 917600, *1 (E.D.N.Y. Feb. 18, 2011); 29 U.S.C. § 1132(a)(3) (permitting fiduciaries of a plan to bring an ERISA action)).

Section 301 of the LMRA provides a federal cause of action for "violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce." 29 U.S.C. § 185(a). The LMRA confers standing on unions and employee benefit funds. *See Metal Lathers Local 46 Pension Fund v. River Ave. Contracting Corp.*, 954 F. Supp. 2d 250, 256 (S.D.N.Y. 2013) (employee benefit funds have standing to sue under LMRA for employer's failure to make contributions required under collective bargaining agreement with union) (citing 29 U.S.C. § 185(a)); *Legal Aid Society v. City of New York*, 114 F. Supp. 2d 204, 214 (S.D.N.Y. 2000) ("Section 301 generally grants unions standing to vindicate employee rights pursuant to a collective bargaining agreement").

Here, Plaintiffs have established their standing under both ERISA and the LMRA. The Trustees are "fiduciaries" within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

7

*See* Dkt. No. 1 at ¶ 7.  The Funds are multi-employer/employee benefit plans under ERISA.  *Id.* at ¶ 5.  Accordingly, Plaintiffs have standing to bring their claims against Defendant.

### 2. Liability

Section 515 of ERISA requires that "[e]very employer who is obligated to make contributions to a multi employer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or agreement."  29 U.S.C. § 1145.  For ERISA, the damages recoverable for delinquent contributions are enumerated in Section 1132(g)(2), which provides that the court shall award the plan as follows:

> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of-
>
>> (i) interest on the unpaid contributions, or
>>
>> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent . . . of the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

Here, Plaintiffs' undisputed allegations establish that Defendant is liable to Plaintiffs.  *See Rusyniak v. Gensini*, No. 07-CV-0279, 2009 WL 3672105, *1 n.1 (N.D.N.Y. Oct. 30, 2009) (concluding that when a motion for default judgment is unopposed, the movant only needs to satisfy the "modest burden of demonstrating entitlement to the relief requested"); *see also*

*Bricklayers Ins. & Welfare Fund v. Primo Brick, Inc.*, No. 11-CV-5742, 2013 WL 2120338, *3 (E.D.N.Y. Apr. 3, 2013) (citations omitted) (determining that the "[p]laintiffs allege that defendant failed to make contributions to the Funds, as required by the terms of the CBA. Therefore, defendant's failure to make the required contributions to the Funds constitutes a violation of ERISA . . . . [P]laintiffs allege that defendant failed to remit dues to Local 1 and make required contributions to LMRC.  These failures constitute a breach of the CBA, and thus, defendant is liable under Section 301 of the LMRA").

**C.    Damages**

"While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation."  *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974) (citations omitted); *see also Bravado Int'l Group Merchandising Services, Inc. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 189-90 (E.D.N.Y. 2009) (citation omitted).  "[E]ven upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought."  *Overcash v. United Abstract Group, Inc.*, 549 F. Supp. 2d 193, 196 (N.D.N.Y. 2008) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). "The burden is on the plaintiff to establish its entitlement to recovery."  *Bravado Int'l*, 655 F. Supp. 2d at 189 (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)).  "While 'the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing.'"  *Id.* at 190 (citation omitted).

   *1. Unpaid Contributions*

Plaintiffs request delinquent employee benefit contributions consisting of $7,881.68 to the Pension Fund and $3,173.32 to the Health Fund, and have now met their burden of proving that they are entitled to this recovery. *See* Dkt. No. 12-6; *see also* Dkt. No. 12-3. In support of their request, Plaintiffs present an audit report from September 26, 2022, reflecting the hours worked by covered employees from January 2015 through August 2022. *See* Dkt. No. 12-3 at 38- 49; *see also* Dkt. No. 12-1 at ¶ 15. Plaintiffs also provide the participation agreements and the Funds, Policies and Procedures for Contributing Employers. *See* Dkt. No. 12-2 at 21-28; Dkt. No. 12-3 at 2-36. After reviewing Plaintiffs' motion and supporting documentation, the Court awards the Pension Fund $7,881.68 and the Health Fund $3,173.32 in unpaid employee benefit contributions.

### 2. *Liquidated Damages*

Pursuant to 29 U.S.C. § 1132(g)(2)(C)(ii), the Court may award "liquidated damages provided for under the plan in an amount not in excess of 20 percent . . . of the" unpaid contributions. 29 U.S.C. § 1132(g)(2)(C)(ii).

The Policies Concerning Contributions include the following language:

> If the Fund Office has not received payment by the last day of the month of the Due Date, the Fund Office will send a Reminder Notice to the employer stating that the contributions and report are past due. The Notice will indicate that contributions due for the month plus liquidated damages at ten percent (10%).

Dkt. No. 12-3 at 6, 28.

Plaintiffs seek liquidated damages consisting of $788.17 owed the Pension Fund and $317.16 owed the Health Fund. *See* Dkt. No. 12-1 at 4. The September 2022 audit report reflects the same liquidated damages amounts owed. *See* Dkt No. 12-3 at 38-48. Plaintiffs' calculations accurately reflect ten percent of the $7,881.68 and $3,173.32 principal amounts due for unpaid employee benefit contributions. After reviewing Plaintiffs' motion and supporting

documentation, the Court awards the Pension Fund $788.17 and the Health Fund $317.16 in liquidated damages. *See Bricklayers & Allied Craftworkers Loc. 2*, 2020 WL 6781512, at *3.

### 3. Interest

For the purposes of an action to collect interest on unpaid contributions under ERISA, "interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26." 29 U.S.C. § 1132(g)(2). "Under the LMRA, it is within the court's discretion to award prejudgment interest." *Finkel v. INS Elec. Servs. Inc.*, No. 06-CV-4862, 2008 WL 941482, *7 (E.D.N.Y. Apr. 4, 2008).

The Funds have adopted a Plan interest rate in accordance with 29 U.S.C. § 1132(g)(2)(B) and (E). *See* Dkt. No. 12-1 at ¶ 17. Plaintiffs present minutes of a New York State Teamsters Conference Pension and Retirement Fund meeting establishing that the Plan interest rate is eleven percent. Dkt. No. 12-3 at 56; *see also id.* at 38, 44; Dkt. No. 12-1 at ¶ 17. Plaintiffs request $2,645.76 in interest on the unpaid contributions from August 31, 2022, through May 20, 2024, when Plaintiffs filed their motion for default judgment, which represents $1,825.32 in interest owed to the Pension Fund and $820.44 in interest owed to the Health Fund. *See* Dkt. No. 12-1 at ¶ 17.

Plaintiffs present policies concerning contributions which state that,

> Unless otherwise excused, the Fund, in its sole discretion, will assess interest on the amount of delinquent contributions at the rate of eleven percent (11%) per annum from the Due Date, plus ten percent (10%) liquidated damages on delinquent contributions. Regardless of whether litigation is commenced, a delinquent employer will be liable for 11% interest on the delinquency together with the greater of another award of interest at 11% or 10% liquidated damages, costs and attorney's fees.

Dkt. No. 12-3 at 6, 27.

Plaintiffs request an additional award of the greater of 11% interest on the delinquent amount ($1,825.32 to the Pension Fund and $820.44 to the Health Fund) or 10% liquidated damages ($788.17 to the Pension Fund and $317.32 to the Health Fund) pursuant to 29 U.S.C. § 1132(g)(2)(C)(i); the parties' participation agreement; and Plan documents.  *See* Dkt. No. 12-1 at ¶ 18.

Plaintiffs also provide calculations of the amount owed to the Pension Fund and Health Fund, documentation reflecting interest rates, and an attorney affidavit affirming the amount owed.  *See* Dkt. No. 12-6 at 2-4; Dkt. No. 12-4.  After reviewing Plaintiffs' submissions, the Court finds that these calculations accurately reflect the amount of interest owed by Defendants and, as such, awards the Pension Fund $1,825.32 in interest and $1,825.32 in additional award, and the Health Fund $820.44 in interest and $820.44 in additional award.

### 4. Audit Fees

"Requests for audit fees are 'generally determined by utilizing the same standards the court applies in awarding attorneys' fees.'"  *Teamsters Local 814 Welfare Fund v. Dahill Moving & Storage Co.*, 545 F. Supp. 2d 260, 269 (E.D.N.Y. 2008) (quoting *King v. Unique Rigging Corp.*, No. 01-CV-3797, 2006 WL 3335011, *5 (E.D.N.Y. Oct. 27, 2006)).  Accordingly, a party requesting audit fees must provide sufficient information to allow a court to determine the reasonableness of the fees requested.

Plaintiff requests $844.83 in audit fees to the Pension Fund and $793.29 in audit fees to the Health Fund.  *See* Dkt. No. 12-1 at ¶ 15; Dkt. No. 12-3 at 39, 45; Dkt. No. 12-6.  Plaintiffs have submitted copies of the Pension Fund Audit Report and Health Fund Audit Report.  *See* Dkt. No. 12-3 at 38-49.  After reviewing the audit reports, the Court awards Plaintiffs' the requested audit fees.

### *5. Legal Costs and Attorneys' Fees*

In an ERISA action involving delinquent contributions, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."  29 U.S.C. § 1132(g)(1).  "[A] district court must begin its § 1132(g)(1) analysis by determining whether a party has achieved 'some degree of success on the merits,' but it is not required to award fees simply because this pre-condition has been met."  *Toussaint v. JJ Weiser, Inc.*, 648 F.3d 108, 110 (2d Cir. 2011) (quoting *Hardt v. Reliance Standard Life Ins. Co.*, 500 U.S. 242, 254 (2010)).

The Policies and Procedures for the Pension Fund and the Health Fund both state: "Regardless of whether litigation is commenced, a delinquent employer will be liable for . . . costs and attorney's fees."  Dkt. No. 12-3 at 6, 27.  The Funds' policies also "[r]equire that a delinquent employer pay the cost of . . . attorney's fees, audit fees, court costs, disbursements, and any other expenses incurred by the Fund in determining the amount of a delinquency and in collecting the delinquency[.]"  *Id.* at 4, 25.

As the Court finds that Defendant is liable to Plaintiffs for the delinquent contributions, and Plaintiffs have succeeded on the merits, the Court finds that an award of attorneys' fees and costs is appropriate.  *See Bricklayers & Allied Craftworkers Loc. 2*, 2020 WL 6781512, at *3.

Here, Plaintiffs request $445.00 in costs and $11,375.00 in attorneys' fees under the lodestar method.  *See* Dkt. No. 12-3 at 58-65; Dkt. No. 12-1 at ¶¶ 19-20.  Plaintiffs state that they have spent 32.5 hours of counsel time.  *See* Dkt. No. 12-3 at 58-59.  In support of their request, Plaintiffs provide an attorney affidavit and a report which contains narratives about the legal work performed and associated time spent and dates.  *See* Dkt. No. 12-1 at ¶¶ 19-20.  After reviewing the documents, the Court finds that the amount of time spent by Plaintiffs' attorney was reasonable.  The Court also finds that the requested hourly rate of $350.00 per hour is reasonable.

*See Sarwar v. Lake Placid Hotel Partners, LLC*, No. 8:20-CV-1387, 2022 WL 833374, *2 (N.D.N.Y. Mar. 21, 2022) ("Courts in this District have found that a reasonable rate for work for an experienced partner is between $250 and $350 an hour"). Therefore, the Court awards Plaintiffs $11,375.00 in attorney's fees, to be divided equally between Plaintiffs. Additionally, the Court has reviewed Plaintiffs' request for $445.00 in legal costs representing $405.00 filing fee and $40.00 service of process fee and finds the request reasonable and supported by the record. *See* Dkt. No. 12-1 at ¶ 19; Dkt. No. 12-3 at 60-64; *see also Muldowney v. Merit Recovery Sys., Inc.*, No. 5:18-CV-1057, 2019 WL 2024760, *5 (N.D.N.Y. May 8, 2019). Thus, the Court grants Plaintiffs $11,375.00 for attorney's fees and $ 445.00 for costs. *See* Dkt. No. 12-6.

## IV. CONCLUSION

Upon careful consideration of the entire record in this matter, the parties' submissions and the applicable law, and for the reasons set forth herein, the Court hereby

**ORDERS** that Plaintiffs' motion for default judgment (Dkt. No. 12) is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of the Pension Fund in the amount of $19,075.32 against Defendant Yank Waste Company, Inc., consisting of (1) $7,881.68 in delinquent employee benefit contributions, (2) $788.17 in liquidated damages, (3) $844.83 in audit fees, (4) $5,687.50 in legal fees, (5) $222.50 in costs, (6) $1,825.32 in interest at the Pension Fund adopted Plan rate of 11% from August 31, 2022 through May 28, 2024, and (7) $1,825.32 in an additional award of the greater of 11% interest on the delinquent amount ($1,825.32) or 10% liquidated damages ($788.17) pursuant to 29 U.S.C. § 1132 (g)(2)(C)(i); the parties' participation agreement; and Plan documents; and the Court further

**ORDERS** that the Pension Fund is awarded post-judgment interest at the rate of 11% per annum pursuant to 28 U.S.C. § 1961(a); and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of the Health Fund in the amount of $11,834.65 against Defendant Yank Waste Company, Inc., consisting of (1) $3,173.32 in delinquent employee benefit contributions, (2) $317.16 in liquidated damages, (3) $793.29 in audit fees, (4) $5,687.50 in legal fees, (5) $222.50 in costs, (6) $820.44 in interest at the Pension Fund adopted Plan rate of 11% from August 31, 2022 through May 28, 2024, and (7) $820.44 in an additional award of the greater of 11% interest on the delinquent amount ($820.44) or 10% liquidated damages ($317.16) pursuant to 29 U.S.C. § 1132 (g)(2)(C)(i); the parties' participation agreement; and Plan documents; and the Court further

**ORDERS** that the Health Fund is awarded post-judgment interest at the rate of 11% per annum pursuant to 28 U.S.C. § 1961(a); and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Plaintiffs' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 25, 2024
       Albany, New York

Mae A. D'Agostino
U.S. District Judge